USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/18/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,        :
:
                        **Plaintiff,**        :
:
  -against-        :
:  17-CV-4950 (LGS)
RENWICK HADDOW, BAR WORKS, INC.,        :
BAR WORKS 7ᵀᴴ AVENUE, INC., and        :
BITCOIN STORE, INC.,        :
:
                        **Defendants,**        :
:
  -and-        :
:
BAR WORKS CAPITAL, LLC,        :
                   **Relief Defendant**.        :
-------------------------------------------------------------------------x

**[PROPOSED] FINAL DEFAULT JUDGMENT AS TO
DEFENDANT BAR WORKS, INC.**

**WHEREAS,** the Court has reviewed the application by Plaintiff Securities and Exchange Commission (the "Commission") for a default judgment against Defendant Bar Works, Inc. ("Defendant" or "Bar Works")—including the Declaration of Christopher J. Dunnigan and the exhibits thereto (the "Application"); the Clerk of the Court entered a Certificate of Default as to Bar Works; the Court entered an Order to Show Cause on September 12, 2017, requiring Bar Works to appear before this Court on October 3, 2017, to show cause, if any exists, why a default judgment should not be entered against Bar Works; and Bar Works failed to appear at the appointed date and time;

**NOW, THEREFORE,** for good cause shown:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Commission's application for a default judgment against Defendant Bar Works, Inc. is GRANTED for the reasons set forth in the Commission's Application.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Bar Works is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Default Judgment by personal service or otherwise: (a) Bar Works' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Bar Works or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Bar Works is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Default Judgment by personal service or otherwise: (a) Bar Works' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Bar Works or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Bar Works is liable for a civil penalty in the amount of $4,526,765.00, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and is, jointly and severally with Defendant Bar Works 7th Avenue, Inc., liable for disgorgement of $37,080,063, representing profits gained as a result of the conduct alleged in the Complaint and as supported by the additional disgorgement evidence proffered by the Commission in its Application, together with prejudgment interest on the disgorgement in the amount of $616,043.67, for a disgorgement and prejudgment interest total (jointly and severally with Bar Works 7th Avenue, Inc.) of $37,696,106.67 and for a final total of disgorgement, prejudgment interest, and penalty of $42,222,871.67.  Defendant Bar Works shall satisfy this obligation by paying $42,222,871.67 to the Securities and Exchange Commission within 14 days after entry of this Final Default Judgment.

Defendant Bar Works may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant Bar Works may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant Bar Works as a defendant in this action; and specifying that payment is made pursuant to this Final Default Judgment.

Defendant Bar Works shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant Bar Works relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Bar Works.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Default Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Default Judgment.  Defendant Bar Works shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Default Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Default Judgment forthwith and without further notice.

Dated: January 18, 2018
      New York, New York

                                                   **LORNA G. SCHOFIELD**
                                              **UNITED STATES DISTRICT JUDGE**