USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/10/2019

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

ALISON R. LEVINE
TELEPHONE: (212) 336-5549
LEVINEALI@SEC.GOV

September 9, 2019

**By ECF**
Hon. Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *SEC v. Renwick Haddow, et al.,* 17-cv-4950 (LGS)

Dear Judge Schofield:

    Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits this letter (1) seeking to lift the stay in this case for the limited purpose of seeking the Court's approval of the Commission and Defendant Renwick Haddow's proposed partial consent judgment and (2) seeking the Court's approval of the consent judgment. The U.S. Attorney's Office for the Southern District of New York and Defendant Haddow have informed the Commission that they will consent to lifting the stay for this limited purpose as well.

    As reflected in the attached settlement papers, the proposed consent judgment against Defendant Haddow, would, if approved: (1) enjoin Haddow from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), Section 10(b) of the Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder, and Section 15(a) of the Exchange Act; (2) require Haddow to appear to be interviewed by the Commission staff and accept service of subpoenas issued by the Commission for documents or testimony in connection with this or other matters to which the Commission is a party; and (3) leave open the issue of monetary relief—disgorgement of ill-gotten gains and civil monetary penalties—to be decided at a later time, either through settlement or by motion before the Court. The proposed settlement is fair and reasonable, particularly in light of Haddow's guilty plea and anticipated sentencing in his related criminal proceeding in *United States v. Renwick Haddow*, 19-cr-00340 (S.D.N.Y.) (LTS) (the "Related Criminal Case").[1]

    "[T]he proper standard for reviewing a proposed consent judgment involving an enforcement agency requires that the district court determine whether the proposed consent decree is fair and reasonable, with the additional requirement that the public interest would not be disserved,… in the event that the consent decree includes injunctive relief." *SEC v. Citigroup*

---

[1]     In a yet-to-be-instituted Commission administrative proceeding, Haddow has separately consented to a Commission order barring him from association with any broker, dealer, investment adviser, municipal advisor or securities dealer, transfer agent, or nationally recognized statistical rating organization.

Hon. Lorna G. Schofield  
September 9, 2019  
Page 2

*Global Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014) (internal quotation marks and citations omitted). The terms of the proposed judgment meet this standard.

A permanent injunction against Haddow from future violations of Sections 17(a) and 15(a) of the Securities Act and Section 10(b)-5 of the Exchange Act and Rule 10(b)-5 thereunder is fair, reasonable, and in the public interest. "The job of determining whether the proposed S.E.C. consent decree best serves the public interest…rests squarely with the S.E.C., and its decision merits significant deference." *Id.* at 296. Here, Haddow should be enjoined from committing securities fraud to protect the investing public, because "the commission of past illegal conduct is highly suggestive of the likelihood of future violations" as a matter of law. *SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 807 (2d Cir. 1975).

In addition, leaving open the issue of disgorgement of ill-gotten gains and civil penalty to be decided by this Court at a later time upon motion of the Commission is fair and reasonable under the circumstances. Among other things, in determining the appropriate amount of disgorgement Haddow should pay in this action, the Court may wish to consider any order of forfeiture imposed at sentencing in the Related Criminal Case to avoid double-payment of Haddow's ill-gotten gains. *See SEC v. Palmisano*, 135 F.3d 860, 864 (2d Cir. 1998). This Court may also wish to consider any civil fine or sentence imposed in the Related Criminal Action before making a determination as to the appropriate civil penalty against Haddow in this matter. Therefore, it is fair and reasonable to defer determinations regarding disgorgement and civil penalty at this time.

For these reasons, the Commission respectfully requests that the Court lift the stay in the matter for the limited purpose described above and that the Court approve the attached proposed consent judgment.

Application GRANTED. The stay is lifted for the limited purpose of the Court's approval of the Commission and Defendant Haddow's proposed partial consent judgment, to follow separately. The case otherwise remains stayed.  
Dated: September 10, 2019  
New York, New York

LORNA G. SCHOFIELD  
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

Alison R. Levine  
Senior Counsel

cc:    Edward Little, Esq. (by email)  
*Counsel for Defendant, Renwick Haddow*

AUSA Vlad Vainberg and AUSA Martin Bell (by email)  
*United States Attorney's Office for the Southern District of New York*

Enclosures:    Executed Consent  
Haddow Plea Transcript  
Proposed Judgment